IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George D. Metz, II, ) | C/A No. 8:23-cv-01159-DCC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| City of Easley South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    The plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, brings this action seeking damages from the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

    The plaintiff's complaint was entered on the docket on March 23, 2023 (doc. 1). By order filed July 18, 2023, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 22). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 9). On August 2, 2023, the plaintiff's amended complaint was entered on the docket (doc. 25). However, upon review of the plaintiff's amended complaint, the undersigned recommends that this matter be summarily dismissed.

**ALLEGATIONS**

The plaintiff brings this action asserting that an Easley city ordinance is facially unconstitutional (docs. 1-1; 25). The plaintiff alleges that the City of Easley passed an ordinance that violates his First Amendment rights (doc. 25 at 5). The ordinance prohibits videotaping employees on city property, which violates the plaintiff's rights as a member of the press (docs. 25 at 5; 25-2). The plaintiff contends that he is an investigative journalist who focuses on government accountability, and the Easley city ordinance prevents him from engaging in newsgathering (doc. 25-2 at 1). The plaintiff contends that he has reported on the Mayor of Easley in the past and covers stories in the Southeast (*id.*). The plaintiff alleges that the ordinance prevents him from working on stories that may arise in Easley (*id.*). He alleges that he has standing to bring this action because he intends to violate the ordinance and knows of at least one individual who has been arrested for violating the ordinance (*id.* at 2). He contends that the ordinance is content-based because it treats recordings of law enforcement activities differently than recording of other city employees (*id.* at 2–4). For relief, the plaintiff seeks money damages because he informed the city that the ordinance was unconstitutional and they enacted it anyways (doc. 25 at 5).

**STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action seeking damages from the City of Easley for passing an unconstitutional ordinance. However, the plaintiff's amended complaint is subject to summary dismissal. As an initial matter, municipalities and other local governing bodies are considered "persons" and may be sued under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "[N]ot every deprivation of a constitutional right will lead to municipal liability. Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). As the Court of Appeals for the Fourth Circuit has stated:

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id*. (quoting *Carter*, 164 F.3d at 217).  Here, as noted above, the plaintiff alleges that his rights have been violated by the defendant because the city ordinance – an express policy – violates his First Amendment rights (doc. 25 at 5).  As such, the plaintiff's claim against the defendant is appropriate under *Monell*.

**Standing**

However, before addressing the merits of the plaintiff's challenge to the Easley City Ordinance, the undersigned must analyze whether the plaintiff has standing to bring the instant matter.  *See Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (recognizing that standing "is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States" (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)).  Standing is comprised of three elements:  (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely (not merely speculative) that the injury would be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing each element of standing.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal citation omitted).

At issue here is the first element of standing, "injury in fact."  Here, liberally construed, the plaintiff's alleged injury is that the ordinance in question restricts his First Amendment rights as a member of the press to gather information on public employees (docs. 25; 25-2).  In his amended complaint, the plaintiff attempts to manufacture standing by alleging that he has covered stories in the city of Easley in the past and that he would potentially cover stories in the city of Easley but for this ordinance (doc. 25-2).  However, the plaintiff's amended complaint, asserting that he *would* cover *unspecified* stores in the city of Easley does not reach the level of plausibility for standing in this matter.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that "a claim has facial plausibility when

4

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (*citing Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 556–57 (2007)).  Moreover, the plaintiff's amended complaint still does not indicate what recording he intends to do of city employees that would now be prohibited or how his ability to produce videos online would be affected by the limitations provided for by the ordinance.  Indeed, the plaintiff has not alleged that he is barred from being on city grounds or that his videos require a recording of city employees instead of his reports on the actions of city employees.  As such, *at best*, the plaintiff has only alleged a conjectural or hypothetical injury – which does not rise to the level of an injury in fact as required for the plaintiff to have standing to bring this action.  *See Lebron v. Rumsfeld*, 670 F.3d 540, 560–61 (4th Cir. 2012) (internal citations omitted); *Spokeo*, 578 U.S. at 339 (noting that an injury-in-fact requires allegations of an "invasion of a legally protected interest" that is "concrete and particularized" (internal citation and quotation marks omitted)).  For example, although there is "broad latitude given to facial challenges in the First Amendment context, a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions." *Covenant Media of S.C., LLC v. City of North Charleston*, 493 F.3d 421, 429–30 (4th Cir. 2007) (internal citations and quotation marks omitted).  Here, at best, the plaintiff appears to be a "concerned bystander" with an abstract interest in the matter as a member of the press, not an individual who has been injured in a personal and individual way by the ordinance, as required to allege an injury-in-fact.  *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000).  As such, even as amended, the plaintiff has not plausibly alleged that he has standing to bring this action.

**First Amendment Claim**

Even presuming the plaintiff had alleged standing to pursue this action, his amended complaint would still be subject to summary dismissal for failure to state a claim. As an initial matter, liberally construed, the plaintiff makes a facial challenge to the ordinance based upon overbreadth, arguing that the ordinance violates his First Amendment rights. Laws that are overbroad prohibit "a substantial amount of protected speech" because "the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas." *United States v. Williams*, 553 U.S. 285, 292 (2008). Facial invalidity claims are disfavored and require showing that "no set of circumstances exists under which the [challenged ordinance] would be valid, *i.e.*, that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (internal citations and quotation marks omitted). In evaluating facial challenges, courts must take care not to "speculate about hypothetical or imaginary cases." *Id*. at 450 (internal citation and quotation marks omitted). However, because of the danger of chilling protected expression, a statute "may be invalidated as overbroad" when "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotation marks omitted) (quoting *Wash. State Grange*, 552 U.S. at 449 n.6). "Invalidation for overbreadth is strong medicine that is not to be casually employed." *Williams*, 553 U.S. at 293 (internal quotation marks and citations omitted); *see United States v. Hanson*, 143 S.Ct. 1932, 1939–40 (2023) (noting that the unconstitutional applications of a facially invalid law must be "realistic, not fanciful, and their number must be substantially disproportionate to the statute's lawful sweep" (internal citations omitted)).

The first step in an overbreadth analysis is to construe the challenged statute, because it is impossible to determine whether a statute reaches too far without first knowing

what the statute covers. *Williams*, 553 U.S. at 293. The second step is determining whether the statute restricts "a substantial amount of protected expressive activity" in relation to its plainly legitimate sweep. *Id*. at 297; Hanson, 143 S.Ct. at 1939–40. Here, the ordinance subsection in question, subsection (e), sets forth:

> Except within the City Council Chambers, conference rooms, and other locations in which a public meeting is being conducted pursuant to a public notice, it shall be unlawful and a violation of this Ordinance, to record video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded. This prohibition shall not apply to any law enforcement activities. In addition to being a violation of this Ordinance, if anyone who is observed to be recording video and/or sound within City-owned, controlled, or leased property, without the consent of all persons whose voice or image is being recorded, and such person refuses to cease activity after being advised that such activity is prohibited under this Ordinance, such refusal shall be considered to be a disruption to the work of City government. Therefore, such persons shall be deemed to no longer be present within the City-owned, controlled, or leased property on legitimate public business. The Mayor and his designees are hereby authorized on behalf of the City of Easley, South Carolina, to request any person who refuses to cease the unconsented video and/or sound recording to immediately leave the premises. Any person who refuses to cease to video and/or sound recording of the unconsenting person, and refuses to immediately leave the premises following the request of the Mayor or his designee, shall be considered as a trespasser. Law Enforcement, at its option, at the request of the City may issue a trespass warning notice for this conduct.

(Doc. 1-1 at 3). In summary, the ordinance prohibits individuals from recording activities on city property without the consent of any individual (employee or member of the public) whose image or voice will be recorded unless the individuals being recorded consent or the recording occurs during public meetings (*id*.). The ordinance does not apply to law enforcement activities (*id*.). If an individual violates the ordinance the individual will be instructed to leave the premises, and if the individual refuses, the Mayor or his designee

7

may request that law enforcement issue a trespass warning notice for the conduct in question (*id.*).[1]

With this understanding of the ordinance, the court must next determine if the statute restricts "a substantial amount of protected expressive activity" in relation to its plainly legitimate sweep. *Williams*, 553 U.S. at 297. As set forth in more detail below, the undersigned finds that it does not. The First Amendment protects the right to gather information about what public officials do on public property; however, this right is subject to reasonable time, manner, and place restrictions. *See Hulbert v. Pope*, 70 F.4th 726, 736–37 (4th Cir. 2023). Indeed, although some Circuits have recognized a First Amendment right to record, those cases all involve interactions with law enforcement – and this ordinance specifically exempts law enforcement activity from inclusion in its restrictions. Further, the Fourth Circuit has yet to recognize even a right to record law enforcement activity at this time. *Sharpe v. Winterville Police Dep't*, 59 F.4th 674, 683 (4th Cir. 2023). Nevertheless, the fact that the ordinance does not apply to law enforcement activity appears to undermine the plaintiff's argument that the ordinance is overbroad – as it exempts activities not yet determined by the Fourth Circuit as protected speech – but that has been recognized as protected speech in other circuits. *Sharpe*, 59 F.4th at 683–84. Moreover, courts evaluate restrictions on private speech occurring on government property based upon the type of forum involved. *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 214–15 (2015). Here, the ordinance notes that City Hall, the City Hall Annex, and areas designated as work areas (with appropriate signage) are nonpublic forums unless a public meeting is convened and the remaining areas of City Hall and the City Hall Annex are limited public forums (doc. 1-1 at 2). The plaintiff's amended complaint

---

[1] The plaintiff's amended complaint does not address or object to this evaluation of the city ordinance (*see* docs. 25; 25-2).

8

does not contend that the forum in question should be a public forum; thus, the court will analyze the forum in question as a limited public forum.

Ordinances regulating speech in limited public forums must be (1) reasonable and (2) viewpoint neutral. *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings College of the Law v. Martinez*, 561 U.S. 661, 679 & n.11 (2010). Here, the plaintiff has not alleged that the ordinance is unreasonable, and the ordinance itself appears to be a reasonable and viewpoint neutral restriction on recording at city owned property. A government workplace, "like any place of employment, exists to accomplish the business of the employer." *Cornelius v. NAACP Legal Def. and Educ. Fund, Inc.*, 473 US 788, 805 (1985) (internal citation omitted). As such, the "[g]overnment has the right to exercise control over access to the [government] workplace in order to avoid interruptions to the performance of the duties of its employees." *Id*. at 805–06 (internal citation omitted). For example, the ordinance places reasonable restrictions on recording on city property given its purpose of preventing disruptions to the city rendering public services and engaging in legitimate public business, as well as to protect the legitimate privacy interests of city employees and other citizens in city hall conducting business (doc. 1-1 at 1). Further, the ordinance does not prevent anyone from accessing city property and allows individuals, such as the plaintiff, to record on city property so long as the individuals who are being recorded consent. Indeed, individuals, such as the plaintiff, are not prevented from accessing city property and later reporting on what was observed – the ordinance just prevents individuals from recording on city property unless the employees who would be recorded provide their consent. Additionally, for individuals who violate the ordinance, the Mayor or his designees can request that law enforcement issue a trespass notice to the violator, but the Mayor or his designees are not authorized to issue the notice themselves and there is no indication that the violators are forever banned from public property – even though the plaintiff contends that he is aware of an individual that has been escorted off city

9

property for violating the ordinance. As such, the plaintiff's amended complaint fails to plausibly allege that the ordinance in question is unreasonable.

The plaintiff's amended complaint also fails to allege that the ordinance is viewpoint discriminatory – although he attempts to frame the ordinance as "content based" (doc. 25-2). Viewpoint discrimination, which is different from content-based discrimination, targets the particular views a speaker has on a subject. *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). For example, "if a state banned all speech about the big election, that would be content discrimination; but if a state banned all negative comments about Politician Doe, that would be" viewpoint discrimination. *Jenner v. Sch. Bd. of Lee Cnty., Fla.*, C/A No. 2:22-cv-00082-SPC-NPM, 2022 WL 1747522, at *6 (M.D. Fla. May 31, 2022) (citing *Matal v. Tam*, 137 S.Ct. 1744, 1763 (2017)). As such, here, the plaintiff's amended complaint fails to allege that the ordinance is viewpoint discriminatory. Indeed, the ordinance in question is facially viewpoint neutral as it applies to anyone who shows up to city property to record and defines the unconsented recording (and refusing to stop) as a disruption of city business (*see* doc. 1-1 at 1, 3). The plaintiff nonetheless appears to allege that the ordinance is content-based because law enforcement activity is excepted from application of the ordinance (doc. 25-2 at 2–4). However, allowing the recording of law enforcement activities does not turn an otherwise viewpoint neutral ordinance into one that is content-based. For example, law enforcement activities are exempt from the application of the ordinance no matter the situation involved. As such, as recognized by another United States District Court considering a similar ordinance to the one herein, the ordinance in question does not restrict a substantial amount of protected expressive activity. *See Sheets v. City of Punta Gorda, Fla.*, 415 F.Supp.3d 1115, 1124–25 (M.D. Fla. 2019) (finding that the plaintiff's facial and as applied First Amendment challenges to an ordinance substantially similar to the one at question herein did not display a likelihood of success to justify the entry of a preliminary injunction). Accordingly, because

the plaintiff has failed to allege that the ordinance in question is facially overbroad, his amended complaint is subject to summary dismissal.

## RECOMMENDATION

By order issued July 18, 2023, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (doc. 22). Despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated July 18, 2023. Therefore, the undersigned recommends that the district court dismiss this action *with prejudice*, without further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

September 18, 2023
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).