UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA ORLANDO
DIVISION

**UNITED STATES OF AMERICA**  **CASE No: 23-mj-2348-EJK**

**v.**
**JOSHUA JOSEPH GRAY**
**GEORGE DOUGLAS METZ**

## SCHEDULING ORDER

The bench trial for the above-captioned case is scheduled for **Wednesday, January 31, 2024,** at **9:00 a.m.** in Courtroom 4C, U.S. District Court for the Middle District of Florida, 400 West Central Boulevard, Orlando, Florida.

**I.    DISCOVERY**

    **A.** Within **fourteen days** of the date of this Order, if it has not already done so, the **United States shall**:

        (1) File with the Court, and serve on defendant and his or her counsel, a statement of the elements of the crime(s) with which defendant has been charged.

        (2) File a Bill of Information or Complaint if this matter is not a petty offense.

        (3) State whether the defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

1

(4) State whether the government counsel's file or other source known to him or her indicates that any wire or oral communications have been intercepted. (*See* 18 U.S.C. §§ 2515-2518).

(5) Provide to the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

(6) State whether Jencks Act material will be provided prior to trial, and if so, when. In order to minimize disruptions at trial, the court encourages the United States to provide Jencks Act material on the Friday before trial.

(7) Unless within **seven days** of the date of this Order **the defendant** states in writing to the United States his or her election not to receive the following material, **the United States** shall make the following disclosures to the defendant and make available for inspection, copying, or photographing the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government:

    (a) Any relevant written or recorded statements made by the defendant.

    (b) That portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any

2

       person then known by the defendant to be a government agent.

(c)    The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial.

(d)    The defendant's arrest and conviction record.

(e)    The general nature of any Rule 404(b) evidence the government intends to introduce at trial.

(f)    Books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, that are material to the preparation of the defense or that the government intends to use as evidence at trial to prove its case-in-chief, or that were obtained from or belong to the defendant.

(g)    Results or reports of physical or mental examinations and of scientific tests or experiments that are material to the preparation of the defense or are intended for use by the United States as evidence in chief at trial.

(h)    Any other material required to be disclosed by Federal Rule of Criminal Procedure 16.

B.   **Brady Material**. Pursuant to the Due Process Protections Act, the Court confirms the United States's obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders **the United States** to do so no later than **fourteen days** before the first day of trial. Failure to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions.

C.   **Giglio Material**. No later than **fourteen days** before the first day of trial, **the United States** shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). For each witness (under every name used by the witness) who will testify for the government at trial, the government shall supply the defendant with a record of all prior convictions of the type that may be used to impeach a witness pursuant to Fed. R. Evid. 609. The government shall make available any application to the Court for immunity of a witness, as well as any order issued in response to the application.

D.   Within **twenty-one days** from the date of this Order, if the defendant has not declined the production by the United States and the government has complied with its disclosures, the **defendant shall** permit the government to

inspect and copy or photograph the following items or copies thereof, or supply copies thereof that are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

(1) Books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, that the defendant intends to introduce as evidence in chief at trial.

(2) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that the defense intends to introduce during its case-in-chief, or that were prepared by a defense witness who will testify concerning the contents thereof.

## II. TRIAL

A. **At least five (5) days before the trial**, the parties shall meet and:

(1) **Identify, examine, tag, mark, copy, and list** all original exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during the hearing; and prepare, exchange and file with the Court a final exhibit list on the Clerk's approved form (attached to this Order) bearing a description identifying each exhibit and sponsoring witness.[1] It is anticipated

---

[1] The parties must bring their exhibits to the meeting for examination, copying, tagging and marking.

      that the parties will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial.[2]

  (2)    Exchange the names and addresses of all witnesses and state whether they will likely be called.

**B.**   **At least three (3) days before the hearing**, the parties shall file with the Court and provide the undersigned a copy of the final exhibit and witness lists of those expected to be produced at the hearing.

  (1)    The exhibit list must be on the Clerk's approved form (attached to this Order). Unlisted exhibits will not be received into evidence at the hearing, except by order of the Court in the furtherance of justice. The final copy must attach each party's exhibit list on the approved form listing each *specific* objection ("all objections reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation. Any objections must be made in good faith. Otherwise, sanctions may be imposed. Objections not made – or not

---

[2] Absent good cause, the Court will not receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting. Photographs of sensitive exhibits (i.e., guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the hearing must be presented to opposing counsel for examination at the meeting. Objections to such photographs or reductions of exhibits must be listed.

made with specificity – are waived. Each party shall email their respective list to **chambers_flmd_kidd@flmd.uscourts.gov**.

(2) The parties shall send an electronic copy of all exhibits to **chambers_flmd_kidd@flmd.uscourts.gov**.

(3) On the required witness list, the parties and counsel shall designate which witnesses will likely be called, and also designate which witnesses may be called. Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (i.e., witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed. R. Civ. P. 43(a). Each party shall email their respective list to **chambers_flmd_kidd@flmd.uscourts.gov**.

C. **On the day of the trial**, the parties shall provide to the Court **three** bench notebooks containing marked copies of all exhibits. Any video or other electronic evidence must be provided on a USB drive. The parties may contact the courtroom deputy clerk for the trial judge to determine whether this requirement may be waived.

### III. OTHER

A. **Subpoenas**: The parties must have subpoenas issued **at least fourteen days** prior to the trial.

B. **Continuing Obligations**: The parties have a duty to immediately provide to the opposing party any newly discovered information or other material within the scope of this Order.

C. **Appellate Deadlines**: According to Federal Rules of Criminal Procedure 58(g)(2), a defendant may appeal a magistrate judge's judgment of conviction after trial or sentence to a district judge within **fourteen days** of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the United States.

**DONE AND ORDERED** in Orlando, Florida, on December 14, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies to:

Assistant United States Attorney
Defendant(s)

# EXHIBIT LIST

____ **Government**    ___ **Plaintiff**    ___ **Defendant**
____ **Court**

**Case No.**  _____
**Style:**

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[3] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[3]Use a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.