**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT OF **F**LORIDA
**O**RLANDO **D**IVISION

**G**EORGE **D**OUGLAS **M**ETZ,

    **APPELLANT,**

  V.                                  **C**ASE **N**O: **6:23-**MJ**-2348-**JSS**-**UAM

**U**NITED **S**TATES OF **A**MERICA,

    **APPELLEE.**
_____/

**A**PPELLANT **G**EORGE **D**OUGLAS **M**ETZ **I**NITIAL **B**RIEF

    Appellant-Defendant George Douglas Metz appeals the judgment in a criminal case (for petty offenses) entered on December 20, 2024, to the United States District Court for the Middle District of Florida. This Court should vacate the judgment as to Counts Four, Six, and Eight, and dismiss based on insufficient evidence because there was no evidence that the Social Security Administration had "rules, orders, or directives" satisfying the requirements of 41 C.F.R. § 102-74.420. Alternatively, the Court should vacate Mr. Metz's convictions and sentences as to Counts Three, Five and Seven because they violate his right against Double Jeopardy as lesser-included offenses of Counts Four, Six, and Eight, respectively.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Metz respectfully does not request oral argument.

## STATEMENT OF APPELLATE JURISDICTION

The Magistrate Judge convicted Mr. Metz of three counts of Failure to Comply with Official Signs while on Federal Property, in violation of 41 C.F.R. § 102-74.385, and three counts of Unlawfully Taking Video while on Federal Property, in violation of 41 C.F.R. § 102-74.420. Doc. 77. It sentenced him to six months' probation, concurrent as to each count, and a $500 fine per count. Doc. 85. Mr. Metz timely appealed to this Honorable Court pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2)(B). Doc. 81. This Court has jurisdiction over this appeal under 18 U.S.C. § 3402 and 18 U.S.C. § 3742(h).

## STATEMENT OF THE ISSUES

**Issue I**: Whether Mr. Metz is not guilty of violating 41 C.F.R. § 102-74.420, because the Social Security Administration did not have "rules, orders, or directives" in place prohibiting the general public from taking photography in their "buildings entrances, lobbies, foyers, corridors or auditoriums for new purposes."

**Issue II**: Whether the magistrate judge erred in entering convictions on Counts Three, Five, and Seven because they are lesser-included offenses to Counts Four, Six, and Eight, respectively.

## STATEMENT OF THE CASE

### I. Course of the Proceedings

The Government charged Mr. George Douglas Metz in an information with three counts of Failure to Comply with Official Signs while on Federal Property, in violation of 41 C.F.R. § 102-74.385, and three counts of Unlawfully Taking Video while on Federal Property, in violation of 41 C.F.R. § 102-74.420. Doc. 1. After a two-day bench trial, Mr. Metz was found guilty to the offenses charged. Doc. 77. Despite the Government's request for jail time, the district court sentence Mr. Metz to six concurrent terms of six months' probation, and a $500 fine per count. Doc. 85. Mr. Mertz appealed. Doc. 41. He is not currently incarcerated.

### II. Statement of Facts

George Douglas Metz was charged, in a Criminal Information, with six offenses, on November 28, 2023. Doc. 1. These charges stem from Mr. Metz and his codefendant entering different Social Security

3

Administration ("SSA") offices on the dates alleged and filming inside, despite posted signs prohibiting filming and instructions to stop filming from protective security officers ("PSO"). *Id.*

Counts Three, Five and Seven alleged that Mr. Metz failed to comply with official signs of a prohibitory, regulatory, and directory nature and with the lawful direction of Federal police officers and other authorized individuals, in violation of 41 C.F.R. § 102-74.385 for incidents occurring on January 6, 2023, January 26, 2023, and January 30, 2023, respectively. *Id.* Counts Four, Six and Eight alleged that Mr. Metz entered in and on Federal property and unlawfully took photographs, including video recordings, (a) in violation of security regulations, rules, orders, and directives, and (b) of space occupied by a tenant agency without the permission of the occupying agency, in violation of 41 C.F.R. § 102-74.420 on January 6, 2023, January 26, 2023, and January 30, 2023, respectively.

Prior to trial, the Government filed a notice of the elements enumerating the requirements for violating each regulation. Doc. 24. As to § 102-74.385, it presented the elements as follows:

>     (1) The defendant was in or on Federal property; and
>
>     (2) The defendant knowingly failed to comply with official signs of a prohibitory, regulatory, or directory nature, or with the lawful direction of Federal police officers or other authorized individuals.

*Id.* at 1. As to § 102-74.420, it presented the elements as follows:

>     (1) The defendant was in or on Federal property;
>
>     (2) The defendant took one or more photographs; and
>
>     (3) Such photograph(s) was (were) prohibited by security regulations, rules, orders, or directives, or by a Federal court order or rule, or such photograph(s) was (were) of a space occupied by a tenant agency for non-commercial purposes without the permission of the occupying agency, or such photograph(s) was (were) of a space occupied by a tenant agency for commercial purposes without the written permission of an authorized official of the occupying agency.

*Id.* at 1–2.

Mr. Metz's bench trial occurred on May 16–17, 2024. Docs. 61–62. At trial, the Government offered the testimony of Luis Flores, who was the assistant district manager of the Orlando SSA building on January 30, 2023. Doc. 61 at 8. Flores testified that the SSA's internal Program Operations Manual System ("POMS") stated: "Photography and video recording are prohibited in federal space without permission of the

5

tenant agency." *Id.* 61 at 17–18. The POMS is reproduced in Government Exhibit # 10 and states:

> "A person may audio record his or her telephone or in-person contact or interview with SSA personnel (GN 00203.001B.3.a). Employees should not, however, suggest or encourage the use of recording devices. An audio recording played by a person or his or her representative does not constitute disclosure by SSA. Therefore, a signed release of any kind is not required. Photography and video recording are prohibited in Federal space without the permission of the tenant agency (41 U.S.C. § 102-74.420). Refer questions to the Center for Security and Integrity in your region."

*See* Doc. 48 at Gov't Ex. # 10.[1]

At the conclusion of the Government's case, Mr. Metz moved for a judgment of acquittal. Doc. 62 at 21–25. The Magistrate Judge deferred ruling on said motion. Doc. 62 at 25. Instead, the Magistrate Judge ordered the parties to submit their closing arguments in writing, addressing three questions regarding the SSA's authority under 41 C.F.R. § 102-74.420. Doc. 59. The Court asked the parties to answer the following questions in its briefing: (1) Does 41 C.F.R. § 102-74.420 apply to video recordings; (2) Is the space Mr. Metz was seen recording at in the videos considered a space "occupied by a tenant agency" or is it considered

---

[1] Full text can be accessed at https://secure.ssa.gov/poms.nsf/lnx/0203360010.

6

"[b]uilding entrances, lobbies, foyers, corridors, or auditoriums" under 41 C.F.R. § 102-74.420; and (3) What is the definition of "news purposes" as stated in 41 C.F.R. § 102-74.420. Doc. 77 at 2.

Mr. Metz filed a motion with his closing arguments addressing the Court's questions. Doc. 67. The Magistrate Judge denied Mr. Metz's motion. Doc. 77 at 1. As to Count Three, the Court found that Mr. Metz entered the Ocala SSA building on January 6, 2023, pointed his camera to official signs that prohibited photography and videography, continued to film, thereby violating § 102-74.385. *Id.* at 11–12. As to Count Five, the Court found that Mr. Metz entered Kissimmee SSA building on January 26, 2023, again pointed his camera to official signs that prohibited photography and videography, continued to film, thereby violating § 102-74.385. *Id.* at 12–13. As to Count Seven, that Mr. Metz entered the Orlando SSA building on January 30, 2023, pointed his camera to official signs that prohibited photography and videography, continued to film. *Id.* at 14–16. The Court found that then-Assistant District Manager Luis Flores directed Mr. Metz to stop filming, and he refused to do so, thereby violating § 102-74.385. *Id.* at 15–16.

As to Counts Four, Six, and Eight, the Court explained:

> "[Section 102-74.420] restricts the taking of photographs on federal property under four circumstances: (1) 'where security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it;' (2) only with agency permission if the person is taking, 'for non-commercial purposes,' photographs of '[s]pace occupied by a tenant agency;' (3) 'only with written permission of an authorized official of the occupying agency concerned' if a person wants to take, 'or commercial purposes,' photographs of space occupied by a tenant agency; and (4), if the photographs are 'for news purposes,' the person make (*sic*) take pictures of 'building entrances, lobbies, foyers, corridors, or auditoriums.'"

*Id.* at 7–8. The Court found that Mr. Metz did not receive the permission of either the occupying agency or an authorized official of the occupying agency to film at the SSA offices, thereby violating § 102-74.420. *Id.* at 12–16.

The Magistrate Judge then found Mr. Metz guilty of all charges. Doc. 85. The Court did not order incarceration, but rather sentenced Mr. Metz to six concurrent six-month terms of probation and ordered him to pay a $500 fine per count. Doc. 85. The Court stayed the fine enforcement pending this appeal. Doc. 87. Mr. Metz timely appealed. Doc. 89.

## III.  Standards of Review

The scope of a petty offense conviction appeal from a magistrate judge to the district court is the same as in an appeal from a judgment entered by the district judge to the court of appeals. Fed. R. Crim. P. 58(g)(2)(D); 18 U.S.C. § 3742(h).

Mr. Metz argues his judgment as to Counts Four, Six and Eight must be vacated because of insufficient evidence and issues of statutory interpretation. Appeals courts review questions of statutory interpretation and constitutionality *de novo*. *See, e.g.*, *United States v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005) (statutory interpretation); *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009) (constitutionality).

Mr. Metz alternatively argues that his convictions and sentences as to Counts Three, Five, and Seven violate the double jeopardy clause's prohibition on cumulative punishment. Appeals courts review double jeopardy claims *de novo*. *See United States v. Harvey*, 78 F.3d 501, 503 (11th Cir. 1996). But it reviews for plain error when the issue was not raised below. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).

## SUMMARY OF THE ARGUMENTS

I. Mr. Metz is not guilty of violating 41 C.F.R. § 102-74.420. The regulation permits persons entering Federal property to take photography (or recordings), under three circumstances, except if "security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it." The magistrate judge implicitly found that the signs prohibiting photography without permission were a security regulation, rule, or order. But the Government's only evidence to support that the signs were a security regulation, rule, or order, refers back to § 102-74.420. This evidence was insufficient to find that Mr. Metz's actions were not permitted under all circumstances enumerated in § 102-74.420.

II. The facts necessary for supporting a failure a § 102.74-420 violation meet all the requirement of setting forth a § 102-74.385 violation. Therefore, under the test set forth *Blockburger v. United States*, 284 U.S. 299 (1932), § 102.74-385 violations are lesser-included offenses of § 102-74.420 violations. As such, Counts Three, Five, and Seven are multiplicitous convictions, with impermissible cumulative punishment that violated Mr. Metz's right against Double Jeopardy.

### ARGUMENTS AND CITATIONS OF AUTHORITY

**I.   Mr. Metz is not guilty of violating 41 C.F.R. § 102-74.420, because the Social Security Administration did not have "security regulations, rules, orders, or directives" in place prohibiting the general public from taking photography in their "buildings entrances, lobbies, foyers, corridors or auditoriums for new purposes."**

Mr. Metz is not guilty of violating 41 C.F.R. § 102-74.420, even viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility in favor of the verdict. The magistrate judge concluded that § 102-74.420 "restricts the taking of photographs on federal property under four circumstances." The judge concluded that Mr. Metz had violated § 102-74.420 because he did not receive the permission of either the occupying agency or an authorized official of the occupying agency to film at the SSA offices. Doc. 77 at 12–16. However, in so doing, the court misconstrued the language of § 102-74.420.

Courts are to "construe regulations in much the same way [they] interpret statutes, so [they must] start with the text—and, if [they] find it clear, [their analysis must] end there as well." *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818 (11th Cir. 2020). Thus, where a case turns on the interpretation of a regulation, this Court begins "with the words

11

of the [regulatory] provision." *Tanner v. Stryker Corp. of Michigan*, 104 F.4th 1278, 1286 (11th Cir. 2024). The Court's "duty is to determine the ordinary public meaning of the provision at issue." *Id.* "The canons of construction often play a prominent role in that endeavor, serving as useful tools to discern that ordinary meeting." *Heyman v. Cooper*, 31 F.4th 1315, 1319 (11th Cir. 2022).

Section 102-74.420 states:

> Except where security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it, persons entering in or on Federal property may take photographs of—
>
> (a) Space occupied by a tenant agency for non-commercial purposes only with the permission of the occupying agency concerned;
>
> (b) Space occupied by a tenant agency for commercial purposes only with written permission of an authorized official of the occupying agency concerned; and
>
> (c) Building entrances, lobbies, foyers, corridors, or auditoriums for news purposes.

41 C.F.R. § 102-74.420.

This plain and ordinary language shows that § 102-74.420 allows any person to take photographs (or recordings) on Federal property under three separate and independent circumstances, unless there exists

12

"security regulations, rules, orders, or directives" against doing so. *Id.* Mr. Metz's theory at trial was that he was permitted to record under (c).

The magistrate judge nevertheless found that Mr. Metz violated the regulation because there were "security regulations, rules, orders, or directives" prohibiting Mr. Metz from taking photographs (or recordings) at the SSA offices without permission. Doc. 77 at 11–16 (discussing signs stating that photography and videography were prohibited without written consent, and concluding that Mr. Metz had not received permission to film and thus violated the regulation). The only evidence offered at trial tending to support that these signs reflected "security regulations, rules, orders, or directives" was Luis Flores' testimony that POMS prohibited photography or recording "in federal space without permission of the tenant agency." Doc. 61 at 17–18.

The POMS, however, are not directed at the general public, acting only as operational manuals for SSA personnel. Although the POMS states that "[p]hotography and video recording are prohibited in federal space without permission of the tenant agency," it refers to § 102-74.420 as the source of its authority. Doc. 48 at Gov't Ex. # 10. The POMS citation to § 102-74.420, thus, invites this Court to determine whether

13

there exist any independent sources of authority prohibiting Mr. Metz from photographing or recording the spaces where he was located. The Government offered none.

Because the magistrate judge erroneously found the signs acted as the necessary "security regulations, rules, orders, or directives" called upon in § 102-74.420, he failed to rule on whether Mr. Metz's activity was allowed under subsection (c) of § 102-74.420, which—regardless of agency permission—permits photographing "[b]uilding entrances, lobbies, foyers, corridors, or auditoriums for new purposes." *Id.* at (c). The magistrate judge directed the parties to answer (1) whether the space Mr. Metz was seen recording at in the videos is considered a space "occupied by a tenant agency" or "[b]uilding entrances, lobbies, foyers, corridors, or auditoriums"; and (2) what is the definition of "news purposes" as stated in 41 C.F.R. § 102-74.420. Doc. 77 at 2. Despite the parties' briefing, the magistrate judge relied entirely on the signs and never ruled on whether Mr. Metz recorded in a lobby, or whether his recordings were for "new purposes."

Mr. Metz maintains, as he did below, that he was recording in the SSA lobby and that he was doing so for news purposes. First, he recorded

14

the lobby of the SSA office, which is open to the public. *See* Doc. 67 at 5–6. Second, while the term "news purposes" is undefined, whether a person is a journalist must be determined by the person's intent at the inception of the information-gathering process, and whether he is involved in activities traditionally associated with the gathering and dissemination of news, even though he may not be a member of the institutionalized press. *See von Bulow v. von Bulow*, 811 F.2d 136, 142 (2d Cir. 1987). Mr. Metz meets this definition. He is a First Amendment Auditor (a movement that traces its roots back to a citizen recoding of the beating of Rodney King), who gathers information about Government officials and disseminates his videos through a YouTube channel with the purpose of promoting transparency and open Government. Doc. 67 at 9–10. The magistrate judge did not find otherwise.

Accordingly, the Court should vacate Count Four, Six, and Eight and remand for a judgment of acquittal. But if the Court has any question about whether Mr. Metz's recording was permitted under subsection (c), it should remand for the magistrate judge to make that finding in the first instance.

## II. The magistrate judge erred in entering convictions and punishments on Counts Three, Five, and Seven because they are multiplicitous as to Counts Four, Six, and Eight, respectively.

Alternatively, the magistrate judge erred in entering convictions against Mr. Metz as to Counts Three, Five and Seven because these counts are multiplicitous as to Counts Four, Six, and Eight, respectively. "The Fifth Amendment's Double Jeopardy Clause guarantees that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const. amend. V. This guarantees against multiple punishments for the same offense." *Bobb*, 577 F.3d at 1371. Absent a clear indication that the legislature intended multiple punishments for the offense, "the Double Jeopardy Clause's prohibition against multiple punishments protects a defendant from being convicted under both provisions." *Id.* at 1372.

In determining whether two charges are multiplicitous to each other, courts follow a two-step process. *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017). First, the reviewing court must determine if the legislature intended to authorize cumulative punishments in enacting the separate provisions, looking at the regulatory languages and legislative history. *Id.* Where the legislative intent is unclear, courts

16

presume a conviction under multiple statutes for the same offense is contrary to legislative intent, *see Bobb*, 577 F.3d at 1371, and use the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932) to determine if the convictions are for the same offense. *Davis*, 854 F.3d at 1286.

Section 102-74.385 requires "persons in and on property [to] at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals." 41 C.F.R. § 102-74.385. This prohibition is broad enough to include the limitations found in § 102-74.420; however, those limitations cover more specific circumstances. *See* Doc. 24 at 1–2 (enumerating the elements for violating each regulation). Thus, it is unclear whether the legislative intent was to authorize cumulative punishment for §§ 102-74.385 to 102-74.420. *Davis*, 854 F.3d at 1283. A presumption against multiple convictions of the same offense thus arises.

The next step is to apply the *Blockburger* test to determine whether Counts Three, Five, and Seven are the "same offense" as Counts Four, Six, and Eight—resulting multiplicitous convictions. *Id*. The Eleventh Circuit has held that, under this test, "two offenses are different for

17

double jeopardy purposes if each requires proof of an additional fact which the other does not." *Id.* at 1286. Where one offense does not require proof of any fact that the second does not, the former is a lesser-included offense of the latter and violates the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 708 (1980).

Here, a § 102-74.385 violation is a lesser-included offense of § 102-74.420 violation. Section 102-74.385 required the Government to show that:

> (1) The defendant was in or on Federal property; and
>
> (2) The defendant knowingly failed to comply with official signs of a prohibitory, regulatory, or directory nature, or with the lawful direction of Federal police officers or other authorized individuals.

*Id.* at 1. Whereas § 102-74.420 required the Government to show that:

> (1) The defendant was in or on Federal property;
>
> (2) The defendant took one or more photographs; and
>
> (3) Such photograph(s) was (were) prohibited by security regulations, rules, orders, or directives, or by a Federal court order or rule, or such photograph(s) was (were) of a space occupied by a tenant agency for non-commercial purposes without the permission of the occupying agency, or such photograph(s) was (were) of a space occupied by a tenant agency for commercial purposes without the written permission of an authorized official of the occupying agency.

18

*Id.* at 1–2.

A § 102-74.420 violation requires one additional fact not required for § 102-74.385: the taking of photographs or recordings. *Id.* Moreover, if, as the magistrate judge ruled, the signs prohibiting photography and videography were also "security regulations, rules, or orders or directives," then the facts necessary supporting a failure "to comply with official signs of a prohibitory, regulatory, or directory nature or . . . the lawful direction of Federal police" are identical to the facts establishing the existence of "security regulations, rules, orders, or directives, or . . . a Federal court order or rule." *Compare* 41 C.F.R. § 102-74.385, *with* 41 C.F.R. § 102-74.420. In other words, in this case, § 102-74.385 did not require proof of any fact that § 102-74.420 did not.

Therefore, Counts Three, Five, and Seven are lesser-included offenses of Counts Four, Six, and Eight, under the *Blockburger* test. The former offenses are, thus, multiplicitous convictions, which plainly violates Mr. Metz' Fifth Amendment right against cumulative punishment under the Double Jeopardy Clause.

19

## CONCLUSION

For the reasons above, Mr. Metz asks this Court to vacate his judgment as to Counts Four, Six and Eight and dismiss the charges in those Counts, or remand for further findings. Alternatively, he asks the court to vacate his judgment as to Counts Three, Five, and Seven.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

*/s/ Sonthonax B. SaintGermain*
SONTHONAX B. SAINTGERMAIN, ESQ.
Research and Writing Attorney
Florida Bar No. 1039134
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Sonthonax_SaintGermain@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system, which will send a notice of electronic filing to the United States Attorney's Office.

*/s/ Sonthonax B. SaintGermain*
Sonthonax B. SaintGermain, Esq.
Research and Writing Attorney